Michael Dean WOOD, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Everett Paul SMITH, Jr., Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

May 23, 1978.

Dixie R. Satterfield, Bowling Green, for
appellant Wood.

Jack Emory Farley, Public Defender, Mark Posnansky, Asst. Public Defender, Frankfort, for appellant Smith.

Robert F. Stephens, Atty. Gen., Reid C. James, Asst. Atty. Gen., Frankfort, for appellee.

CLAYTON, Justice.

The appellants, Michael Dean Wood and Everett Paul Smith, Jr., were found guilty of kidnapping and each was sentenced to 20 years' imprisonment. We affirm their convictions.

David Davis, the deputy jailer of Warren County, Kentucky, testified at the trial that on the afternoon of March 13, 1977, he was on duty at the Warren County jail and that one of the trusties knocked on the front door and said, "There's someone sick inside." He went around the cellblock, where he observed one of the prisoners appeared to be in deep pain. Another prisoner, Jimmy Bass, and appellant Smith were also present and asked him [the jailer] to "get him [the sick prisoner] to a doctor." The "sick prisoner" was appellant Wood. The "sick prisoner" appeared to have blood around his mouth. The jailer then opened a sliding door and two of the inmates placed the "sick prisoner" inside the visiting booth. The jailer then turned his back to close the outside door when appellant Wood grabbed him from behind and stabbed him in the throat with a homemade knife. Wood then threatened to kill the jailer and further instructed him to "Open the door." The jailer then opened the door and appellant Smith and Jimmy Bass ran out.

The jailer further testified that appellant Wood told him, "You make one wrong move and you're a dead son-of-a-bitch." The prisoner Jimmy Bass took the jailer's right arm, appellant Smith took his left arm and Bass said, "You're our ticket out of here. We're going to take you with us." Appellant Smith then said, "Let's go. Get out of here."

The jailer said the group had moved "maybe a foot or something" when he was able to reach a small gun in his pocket. He fired several shots, one of which killed Jimmy Bass. At this point, appellants Smith and Wood turned the jailer loose and ran back toward the cellblock. On cross-examination the jailer testified the entire incident lasted only about a minute or two and that the extent of his movement while he was in the custody of the prisoners consisted of four to six feet.

The jailer's version of the incident was corroborated by other Commonwealth witnesses and a prisoner, Paul Moore. Moore testified that he had seen appellant Smith intentionally take some blood from his own foot and place the blood around the mouth of appellant Wood on the day of the incident. Witness Moore also testified that he observed the actual attempted escape.

The appellants now argue that the trial court committed prejudicial error by refusing to apply the kidnapping exemption statute (KRS 509.050). They argue that under the facts there should have been no conviction for kidnapping.

KRS 509.050 reads:

A person may not be convicted of unlawful imprisonment in the first degree, unlawful imprisonment in the second degree, or kidnapping when his criminal purpose is the commission of an offense defined outside this chapter and his interference with the victim's liberty occurs immediately with and incidental to the commission of that offense, unless the interference exceeds that which is ordinarily incident to commission of the offense which is the objective of his criminal purpose. The exemption provided by this section is not applicable to a charge of kidnapping that arises from an interference with another's liberty that occurs incidental to the commission of a criminal escape.

The question, then, as stated by appellant Smith in his brief, is whether the interference with the jailer occurred "during the commission of a criminal escape." This court now holds that "the commission of a criminal escape" includes attempted escape as well as a completed escape. Escape in the first degree is a Class C felony; at-

tempted escape in the first degree is a Class A misdemeanor punishable by a maximum of 12 months' imprisonment. See KRS 506.010(4) and KRS 532.090(1). One of the purposes of KRS 509.050 is to protect prison personnel.

The appellants argue that the case of *Timmons v. Commonwealth*, Ky., 555 S.W.2d 234 (1977) should control. Upon a close reading of *Timmons*, we are convinced that it is distinguishable from the present cases.

Appellant Smith argues that the court could not lawfully convict him of a Class A felony. He maintains that the exemption provided in KRS 509.050 should have precluded any prosecution for a Class A felony, such as kidnapping, and that he was entitled to a Class B felony instruction. The problem with this argument is that there were no specific objections made to the Class A felony instruction.[1]

Appellant Smith also argues that his conviction is unsupported by the indictment and applicable statutes in effect when the offense was committed. The indictment charges in part that the appellants:

> [D]id unlawfully, restrain another person, David Davis, when their intent was to accomplish or to advance the commission of the felony crime of escape in the first degree, or to inflict bodily injury on David Davis or to use David Davis as a shield or hostage contrary to KRS 509.-040(1)(b)(c)(e).

> The Commonwealth further states that the defendants did not voluntarily release the victim alive, unharmed, and in a safe place as provided in KRS 509.040(2) and election is made to prosecute this case as a Class A felony.

Appellant Smith urges that this is not a capital indictment and that the prosecution supplied the necessary language to charge a capital offense. We have studied this argument in depth and find it to be without merit. The amended sections of KRS 532.-030 and KRS 532.035 are applicable. These statutes were amended and modified in language only and not in effect.

Finally, we note from the record that there were no objections made to the indictment other than arguing the exemption statute. The meaning of RCr 8.18 is that defenses or objections based on defects in the indictment may be raised only by a motion before trial, and failure to present any such objections constitutes a waiver thereof. The defective indictment argument, therefore, was not properly preserved for appellate review. Furthermore, as we have already said in this opinion, preservation of this alleged error was not made by specifically objecting to the court's instructions on the degree of the offense charged.

The judgments are affirmed.

All concur.

---

1. The offense of kidnapping is a Class B felony unless the aggravating factors are present which make it a capital offense, one of the aggravating factors being failure to release the victim substantially unharmed. See KRS 509.-040.