**COMMONWEALTH of Kentucky, Movant,**

v.

**Timmy Yaun VARNEY, Respondent.**

Supreme Court of Kentucky.

March 21, 1985.

David L. Armstrong, Atty. Gen., David K. Martin, Asst. Atty. Gen., Frankfort, for movant.

W. Sidney Trivette, Pikeville, for respondent.

LEIBSON, Justice.

The respondent was convicted of assault in the second degree. The Court of Appeals concluded that he was tried in violation of double jeopardy principles and reversed his conviction with directions to dismiss the charge. We disagree.

Respondent, Timmy Yaun Varney, was the subject of a two count indictment: Count I charging first-degree assault (KRS 508.010) and Count II charging first-degree robbery (KRS 515.020). These charges were the result of an incident occurring August 22, 1980, at the home of John Anderson, in Pike County, Kentucky. Varney and Anderson knew each other. Two days before Varney had traded a rifle to Anderson for a couch. Anderson testified that Varney returned to Anderson's trailer home on the evening in question and assaulted him with a knife, cutting him severely. Anderson further testified that after the attack his pocketbook and money were missing.

Varney contended that he had car trouble in the vicinity of Anderson's home and went there seeking assistance. He testified that Anderson claimed that Varney had taken unfair advantage of him in the trade and attacked him with a knife, and that he then inflicted injury on Anderson in self-defense. He denied the robbery.

On October 5, 1981, the case was called for trial under the original indictment charging both assault in the first-degree and robbery in the first-degree. After both sides had announced ready and the jury had been impaneled and sworn, defense

counsel moved the court to dismiss the assault count on grounds that "it merged into the robbery charge, because the physical force that was allegedly used in Count I [assault] is the same physical force allegedly used to commit the robbery," or "in the alternative" to require the Commonwealth to elect to try the assault charge and drop the robbery charge. The court took no action on the motion until the conclusion of the evidence, at which time it ruled that the offenses "merged" and therefore the jury would be instructed only on the robbery count. Merger in this instance meant no more than that the assault offense was part of the robbery offense. No one objected to the instructions.

The jury could not agree on a verdict and a mistrial was declared. The case was continued. In advance of the next trial the Commonwealth moved to dismiss Count II of the indictment (charging robbery) and to proceed to trial on Count I (charging assault). The motion was sustained with no objection. At the next trial, after the jury was sworn, defense counsel moved to dismiss the remaining assault charge claiming further prosecution for assault was foreclosed by principles of former jeopardy because of the judge's decision at the first trial that the assault charge merged into the robbery charge and because the Commonwealth subsequently dismissed the robbery charge.

The trial judge overruled the claim of former jeopardy and permitted the prosecution to proceed on Count I of the indictment charging assault in the first degree. The jury found Varney guilty of assault in the second degree and recommended a sentence of eight years. The Court of Appeals reversed the conviction and directed that the indictment be dismissed on grounds of former jeopardy. We hold that former jeopardy principles do not apply to this situation.

■ As a general rule assault in the first degree is a lesser included offense of robbery in the first degree. *Sherley v. Commonwealth*, Ky., 558 S.W.2d 615 (1977).[1] As stated in the Commentary to the Penal Code, KRS Chapter 515, Robbery:

"Robbery is a combination of two other crimes (theft and assault) and has been typically defined as 'larceny from the person by violence or intimidation.'"

■ As such, theft and assault are lesser included offenses within the charge of robbery, and the trial court correctly concluded at the first trial that the respondent could not be convicted of both robbery and assault. KRS 505.020(1)(a). This is the proper application of the merger principle.

■ However, as stated in KRS 505.-020(2), "A defendant may be convicted of an offense that is included in any offense with which he is formally charged." Thus Varney would have been subject to conviction at the first trial for first- or second-degree assault as lesser included within the charge of robbery had the jury been so instructed and had it believed that he committed the assault but not that he took Anderson's pocketbook and money. But there was no error in failing to instruct on these lesser included offenses since no instruction was requested. RCr 9.54(2). There was ample proof to support a conviction for assault, and no order dismissing the charge. The trial court's action suggests nothing more than a decision in response to the defendant's motion recognizing that the respondent could not be convicted of both robbery and assault because the latter offense is included in the former. KRS 505.020. The trial court's action was an appropriate response to the defense counsel's motion. The only practical effect of the trial court's ruling was to determine how the jury would be instructed.

When the Commonwealth elected thereafter to dismiss Count II of the indictment

1. In *Polk v. Commonwealth*, Ky., 679 S.W.2d 231, 234 (1984) we defined the exception to the general rule: a conviction is proper for both crimes where the proof shows "additional facts" constituting a second crime committed "after perpetrating" the first crime. Otherwise the perpetrator "would have a free ride to commit other crimes ... because the second crime would have merged into the first."

charging robbery before the second trial, leaving Count I, it was dismissing the greater charge and leaving the lesser included charge. Varney contends that this event left nothing to try. But "a mistrial precipitated by a jury's inability to reach a verdict does not prevent another trial of the same charges on which the hung jury could have found the defendant guilty." *Trowel v. Commonwealth*, Ky., 550 S.W.2d 530, 531 (1977), and cases cited therein. Since Varney could have been retried on the greater crime of robbery in the first degree, no aspect of the double jeopardy doctrine precluded his retrial on the lesser included offense of assault. KRS 505.030 bars a second prosecution for the same offense under certain circumstances, none of which apply here, and KRS 505.040 bars a second trial for a different offense based on the same facts under certain circumstances none of which apply here. The only element of these two statutes remotely suggested by present circumstances is the provision that former prosecution bars subsequent prosecution when "improperly terminated," as that term is defined in the statutes. But instructing on robbery instead of both robbery and assault in response to defense counsel's motion does not qualify as improper termination of either the robbery charge or the underlying offense of assault. And, likewise, as previously stated, dismissing a hung jury does not qualify as improper termination foreclosing a second prosecution.

 Any question as to there being an irregularity in the indictment procedure when the trial court dismissed the robbery count in the indictment and proceeded on the remaining assault count was waived by failure to challenge the indictment before the second trial. RCr 8.18 specifies that objections based on defects in the indictment must be raised by pretrial motion. Varney did not claim the indictment had been effectively dismissed until after the jury had been sworn at the second trial. Failure to file a motion raising a defense or objection to the indictment before the trial constitutes a waiver thereof. RCr 8.18;

*Wood v. Commonwealth*, Ky., 567 S.W.2d 121 (1978).

In *Trowel v. Commonwealth, supra,* the defendant was originally indicted for rape and murder. At the first trial, before submission to the jury, the trial court dismissed the rape charge. Thereafter the jurors were unable to agree upon a verdict and the court declared a mistrial. Before the next trial the defendant was reindicted on the murder charge only, now charged as a Class A Felony instead of as a capital offense. We overruled a claim of double jeopardy in the circumstances, and, pertinent to this case, observed that it was *not necessary* to reindict the defendant, stating:

"In any event, the return of a new indictment and dismissal of the old was simply a procedural move to restate a viable charge then pending for retrial. In terms of jeopardy it changed nothing." 550 S.W.2d at 532.

By analogy the procedural steps taken in the present case in changing the indictment before the second trial by eliminating Count II "in terms of jeopardy ... changed nothing."

In short, the present situation is the same as if the accused had been indicted only on the robbery charge, and then, after a hung jury on the robbery charge, had been tried the second time under the same indictment for the assault charge which was lesser included within the robbery charge. Neither the proscription against double jeopardy in § 13 of the Kentucky Constitution nor our statutory provisions related thereto barred the respondent's retrial for assault in the present case.

The decision of the Court of Appeals is reversed and the judgment of the trial court is affirmed.

All concur.