**Paul C. SCHUTTEMEYER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 88–CA–000593–MR.**

Court of Appeals of Kentucky.

Jan. 12, 1990.

Rehearing Denied April 13, 1990.

Discretionary Review Denied by Supreme Court Aug. 29, 1990.

Marie Allison, Frankfort, for appellant.

Frederic J. Cowan, Atty. Gen., Gregory C. Fuchs, Asst. Atty. Gen., Frankfort, for appellee.

Before CLAYTON, MILLER and WEST, JJ.

CLAYTON, Judge:

This case arises from the involuntary hospitalization of Schuttemeyer. The hospitalization was ordered by the Kenton Circuit Court based upon a jury verdict after he had previously been found not guilty by reason of insanity of wanton endangerment in the first degree.

On July 23, 1987, Schuttemeyer fired several shots at his brother with a .22 caliber rifle. He was arrested and confined to Eastern State Hospital from July 29, 1987, until September 11, 1987. Thereafter he was indicted for first-degree wanton endangerment, to which he entered a not guilty plea, and raised the defense of insanity. He was tried on January 20, 1988, and found not guilty by reason of insanity. After the jury returned its verdict, the trial court noted that he intended to hold a hearing on the involuntary commitment of Schuttemeyer on January 25, 1988.

The Trial Order and Judgment, entered on February 1, 1988, noted the jury verdict and that a preliminary hearing would be held due to the nature of the proceeding. Another order, also entered on February 1, 1988, found that based upon the jury verdict, KRS 504.030, and KRS Chapter 202A, a preliminary hearing on Schuttemeyer's commitment was held on January 25, 1988. The evidence introduced consisted of previous psychiatric reports, and the report and testimony of Dr. Horatio C. Wood. It does not appear from the record that Schuttemeyer was present at this hearing. Nonetheless, the trial court found probable cause to believe he should be hospitalized. It was also found that the defendant could be released under the previous conditions set regarding his release on bond for community-based outpatient treatment. The court then ordered that a mental status evaluation be made and reported to the court pursuant to KRS 504.030 and KRS Chapter 202A. Finally, a final hearing was set for February 25, 1988.

Schuttemeyer was examined on February 8, 1988, by Dr. James Dahrman, Ph.D. A report was made by Dahrman, a psychologist, on February 18, 1988.

The hearing was not, however, held on February 25, 1988, because Dr. Dahrman could not attend. The hearing was rescheduled by order of the court for March 1, 1988. The testimony at the hearing came from Dr. Dahrman and the police officer who arrested Schuttemeyer at the time of the original incident. It is admitted that the testimony establishes that Schuttemeyer is mentally ill and would benefit from treatment, which are two (2) of the four (4) criteria which must be established for involuntary commitment. The question of the other two (2) criteria, danger or threat of danger to self or others, and hospitalization as the least restrictive alternative mode of treatment, is hotly contested. The police officer testified that he has

not had to go to Schuttemeyer's residence since the 1987 incident. The psychologist testified that as long as Schuttemeyer took his medication he was not a danger. The doctor also stated on cross-examination that although Schuttemeyer's situation was precarious, that he did not need hospitalization at the time of the examination. There was also testimony that a Dr. Crane, whose reports were allegedly entered of record but are not in the record before us, recommended that treatment should be administered to the defendant in a controlled environment to clarify if he was a paranoid schizophrenic. The jury returned a verdict finding that all the requirements for involuntary hospitalization had been met.

The trial court then entered an order, on March 3, 1988, that Schuttemeyer be confined at Eastern State Hospital for a period of not exceeding 360 days. Apparently, the defendant was discharged from Eastern State in June, 1988. On June 15, 1988, the trial court further ordered that he follow the treatment plan in the discharge summary, with violations to be reported to the court by Comprehensive Care.

On appeal, Schuttemeyer presents three (3) arguments. The first is that exclusive jurisdiction regarding KRS Chapter 202A proceedings is committed to the district court rather than the circuit court. It is admitted that this argument is not preserved, but it is argued that jurisdictional questions can be raised at any time. It is next argued that the evidence was insufficient to sustain the verdict. It is admitted that this argument is also not preserved, but he argues that the error is so palpable as to warrant review. Finally, the defendant asserts that the trial court failed to follow the procedural mandates of KRS Chapter 202A, which violated his right to due process. It is admitted that only the violation of KRS 202A.071 is preserved, but we are urged to review the many violations asserted to prevent a manifest injustice.

■ With regard to the jurisdictional issue, we agree that it must be considered at this time even though it was not preserved in the trial court. *Duncan v. O'Nan*, Ky., 451 S.W.2d 626 (1970). We

find, however, that the trial court properly exercised jurisdiction. We are persuaded by the language of KRS 504.030(1), which refers to "the court". We note that cases where a defendant is found not guilty by reason of insanity will arise in circuit court. Moreover, we observe there is no mechanism by which a district court would learn of such a verdict in circuit court. As a result, it would be absurd to expect a district court, which Schuttemeyer claims is "the court", to conduct a hearing about a case of which it is not informed. *See Bailey v. Reeves*, Ky., 662 S.W.2d 832, 834 (1984). Thus, we find "the court" must refer, as it would in common usage, to the court in which the matter was tried. *See Young v. Board of Education of Graves County*, Ky.App., 661 S.W.2d 787, 788 (1983). We are further persuaded to our holding by the language of KRS 504.110, which was enacted at the same time as KRS 504.030. Notably, it provides that if the court finds a defendant incompetent and substantially unlikely to regain competency in the foreseeable future, then it shall conduct a hearing regarding involuntary hospitalization under KRS Chapter 202A. KRS 504.110(2). We find that the two statutes, when construed together, establish that the court is the one in which the verdict of not guilty by reason of insanity (KRS 504.030) or the determination of incompetency (KRS 504.110) is made. *See Daviess County v. Snyder*, Ky., 556 S.W.2d 688, 691 (1977). In this matter, "the court" was the circuit court, since it had tried Schuttemeyer. Therefore, the trial court had jurisdiction to consider the involuntary hospitalization of the defendant under KRS Chapter 202A.

■ The next issue presented is whether there was sufficient evidence to support the involuntary hospitalization of Schuttemeyer. We will consider the issue on the merits, since at least one essential element to support the hospitalization of the defendant was not established. *Perkins v. Commonwealth*, Ky.App., 694 S.W.2d 721, 722 (1985). Such a failure amounts to a palpable error effecting the substantial due process rights of Schuttemeyer, and a mani-

fest injustice has resulted, which allows us to consider the issue even though it was not specifically preserved. *Id.; see also* RCr 10.26.

■ The appellant suggests that two (2) of the essential elements were not proven. *See* KRS 202A.026. While we think that proof of Schuttemeyer's danger or threat of danger to himself or others was somewhat inadequate, since the only mental health professional whose testimony or report appears in the record stated that appellant was not a danger so long as he took his medication, we find the proof regarding hospitalization being the least restrictive alternative mode of treatment to be wholly absent. Notably, Dr. Dahrman stated unequivocally that involuntary hospitalization was not necessary. The only evidence even suggesting hospitalization was necessary came from a report from a Dr. Crane, which Dr. Dahrman admitted he had read. We could not find the report in the record. Moreover, the hospitalization was to be used only as a diagnostic tool to conclusively rule out paranoid schizophrenia, which Dr. Dahrman's diagnostic tests had revealed was not a disorder from which Schuttemeyer suffered.

In view of the paucity of the evidence presented on the least restrictive alternative prong of KRS 202A.026, we find that a reasonable jury could not have found Schuttemeyer met the requirements for involuntary hospitalization. As a result, we must remand. *Trowell v. Commonwealth,* Ky., 550 S.W.2d 530, 533 (1977); *see also Commonwealth v. Sawhill,* Ky., 660 S.W.2d 3, 4 (1983).

■ Even if we were to remand based upon the insufficiency of the evidence, we would be forced to send the case back for the failure to comply with the dictates of Chapter KRS 202A regarding procedure. We do note that the interrelation between the penal code provisions and KRS Chapter 202A is inexact and unclear, and that the trial court strove to proceed in accordance with its terms.

The first failure, which is preserved, regards KRS 202A.071, which requires a final hearing within twenty-one (21) days of the examination. The hearing in this case was held on the twenty-second (22nd) day. The statute admits of no exceptions to the time limit. As such, the failure to hold the final hearing in a timely fashion would require remand.[1]

■ Since the other errors noted by appellant may occur in the future if new proceedings are brought against Schuttemeyer, we will analyze them.[2] The first error asserted regards the failure to file a petition under KRS 202A.051(4). We find that a petition is required in all circumstances to commence involuntary hospitalization proceedings. The requirements are clearly set forth in the statute. With regard to KRS 202A.051(4)(f), of which specific complaint is made, we think that setting forth the jury verdict of not guilty by reason of insanity would be sufficient for purposes of the petition. Testimony regarding the jury verdict would also support the requirements of KRS 202A.051(6), of which Schuttemeyer also complains. *See also* KRS 202A.051(5). Thereafter, the trial court will be able to use the petition and its order to provide written notice to the persons set forth in KRS 202A.051(6)(b). *See also Doe by Doe v. Austin,* 848 F.2d 1386 (6th Cir.1988), citing *Vitek v. Jones,* 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980), for the proposition that written notice is a minimal due process requirement. We also find that respondents, such as Schuttemeyer, must be examined by two (2) qualified mental health professionals. KRS 202A.051(6)(c); *see also* KRS 202A.061, which requires dismissal if there are not two (2) such certifications. We think that such certifications must be based upon current examinations rather than relying upon prior records, as appar-

---

1. We are not prepared, however, to state that no continuance is ever possible. Rather, we note in this case that the continuance granted could have been made to February 29, 1988, which would have been timely, and no explanation as to why it was not so ordered appears in the record.

2. The errors would also be reviewable under RCr 10.26.

ently was done in this matter. KRS 202A.051(6)(c). We do note that the certifications must be made within twenty-four (24) hours of the examinations, which was also not done regarding Schuttemeyer. *Id.; see also* KRS 202A.061.

 In summary, we conclude that there must be a proper petition filed. KRS 202A.051(4). The trial court can then conduct the examination required under KRS 202A.051(5). If the petition supports a finding of probable cause, written notice can be provided as required, a preliminary hearing can be set, and the two (2) examinations ordered. KRS 202A.051(6). The preliminary hearing must be within six (6) days, excluding weekends and holidays, of the respondent's detention, or within the same period from the time of examination if there is no detention. KRS 202A.071(1). Similarly, the final hearing must be within twenty-one (21) days of detention or examination. The procedures for the hearings, which may be informal and require the presence of the respondent, regarding which we note that the record does indicate Schuttemeyer's presence at the preliminary hearing, are set forth in KRS 202A.076. *See also Doe by Doe, supra.* Upon completion of the final hearing, the trial court may order the involuntary hospitalization if the procedures of Chapter KRS 202A were followed. *See* KRS 202A.051(11); KRS 202A.076.

We remand the judgment of the Kenton Circuit Court ordering the involuntary hospitalization of Schuttemeyer for further appropriate proceedings consistent with this opinion.

All concur.