Michael Tyrone TOLLEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 1999–CA–002769–MR.

Court of Appeals of Kentucky.

April 20, 2001.

Discretionary Review Denied
Feb. 13, 2002.

Frank W. Heft, Jr., Daniel T. Goyette, Jefferson District Public Defender, Louisville, Brief for Appellant.

Albert B. Chandler III, Atty Gen., Paul D. Gilbert, Ass't Atty Gen., Frankfort, Brief for Appellee.

Before BUCKINGHAM, GUIDUGLI and HUDDLESTON, JJ.

## OPINION

HUDDLESTON, Judge.

Michael Tyrone Tolley appeals from a final order of involuntary commitment. Tolley contends the court lacked jurisdiction over the case because one of the examining psychiatrists did not certify his examination within twenty-four hours and that he was entitled to a twelve-person jury.

Tolley was first indicted in 1986 for murder of an automobile body shop repairman. After Tolley was found incompetent to stand trial, he was committed to Central State Hospital. Subsequently, he has been reindicted and recommitted several times.[1] Apparently he has been involuntarily committed to Central State Hospital since 1986. On January 26, 1999, Tolley was reindicted for the 1986 murder. On September 29, 1999, the court found Tolley incompetent to stand trial for murder and dismissed the indictment without prejudice. On October 15, 1999, the court ordered Tolley involuntarily committed for three hundred sixty days.

■ The first issue presented is whether the court lacked jurisdiction over the case because one of the examining psychiatrists did not certify his examination within twenty-four hours. "[Jurisdiction] consists of two primary elements—(1) jurisdiction of the subject matter, and (2) jurisdiction of the person complaining of the judgment."[2] Tolley does not challenge personal jurisdiction. However, subject matter jurisdiction is challenged inasmuch as there was a failure to comply with the statutory requirements for timely cer-

---

1. *See Tolley v. Commonwealth*, Ky., 892 S.W.2d 580 (1995).

2. *Covington Trust Co. of Covington v. Owens*, 278 Ky. 695, 129 S.W.2d 186, 190 (1939).

tification. In determining whether subject matter jurisdiction exists in a particular case, one of the elements to be considered is "whether the court, under the laws of the sovereignty of its creation, is given the right to pass upon the particular class of case involved."[3]

The law governing certification of examinations conducted in anticipation of involuntary hospitalization proceedings is found in several places in the Kentucky Revised Statutes (KRS). Tolley directs our attention to KRS 202A.061 which provides that:

> In any proceeding for involuntary hospitalization under the applicable provisions of this chapter, if the criteria for involuntary hospitalization are not certified by at least two (2) examining qualified mental health professionals, the court shall, without taking any further action, terminate the proceedings and order the release of the person. The qualified mental health professionals *shall certify to the court within twenty-four (24) hours* (excluding weekends and holidays) *of the examination,* their findings and opinions as to whether the person shall be involuntarily hospitalized.[4]

This language is also found in KRS 202A.056(1)[5] and KRS 202A.051(6)(c).[6]

To comply with the dictates of KRS 202A.051(6)(c), two qualified professionals must examine Tolley.[7] Tolley agrees that this was properly done; however, he argues that the failure of one of the examining professionals to certify his examination within twenty-four hours, as is required under KRS 202A.061, mandates a dismissal. The plain language of the statute, according to the Court's analysis in *Schuttemeyer,* "requires dismissal if there are not two (2) such certifications."[8]

■ The record reveals that one of Tolley's examining professionals, Dr. Boswell Tabler, examined Tolley on September 26, 1999, but did not certify this examination until October 1, 1999. "[C]ertifications must be based upon current examinations rather than relying upon prior records...."[9] As noted above, KRS 202A.061 states that "[t]he qualified mental health professionals *shall* certify to the court within twenty-four (24) hours (excluding weekends and holidays) of the examination...."[10] According to KRS 446.010(29), " '[s]hall' is mandatory[.]" "[C]ertifications must be made within twenty-four hours[.]"[11] Therefore, the only class of cases that can be brought before the court for involuntary commitment proceedings are those cases where there are two timely certifications.

---

3. *Id.*

4. Emphasis supplied.

5. The pertinent language of KRS 202A.056(1) is as follows:

> The certificate shall state that the respondent has been examined by each of the qualified mental health professionals making the certificate within twenty-four (24) hours (excluding weekends and holidays) prior to the date of the certificate.

6. The pertinent language of KRS 202A.051(6)(c) is as follows:

> [T]he court shall: ... (c) Cause the respondent to be examined without unnecessary

delay by two (2) qualified mental health professionals, at least one (1) of whom is a physician. The qualified mental health professionals shall certify within twenty-four (24) hours (excluding weekends and holidays) their findings.

7. *Schuttemeyer v. Commonwealth,* Ky.App., 793 S.W.2d 124, 128 (1990).

8. *Id.*

9. *Id.*

10. Emphasis supplied.

11. *Schuttemeyer, supra,* n. 7, at 129.

■ Since one of the two professionals required did not comply with the requirements of KRS 202A.061, the circuit court did not have the right to pass upon the particular class of case before the court. Lacking subject matter jurisdiction, the court was without authority to hear the case.

■ The second issue presented by Tolley is whether an involuntary hospitalization trial conducted in circuit court requires a twelve-person jury. While this issue is technically moot in light of our resolution of the first issue, we will address it since it is an issue that is likely to recur.[12]

The Commonwealth correctly points out that *Schuttemeyer* extended jurisdiction over proceedings for the involuntary hospitalization of mentally ill persons to the circuit courts—an exercise previously reserved to the district courts.[13] However, *Schuttemeyer* provides no guidance on the question of whether such proceedings, when conducted in the circuit court, require a jury of twelve.

The Commonwealth directs us to KRS 29A.280(1) which states that "[j]uries for all trials in Circuit Court shall be composed of twelve (12) persons. Juries for all trials in District Court shall be composed of six (6) persons." Yet, the Commonwealth, citing to KRS 29A.280(2), argues that a jury trial in circuit court may consist of less than twelve persons, except that no jury trial shall consist of less than six persons. This argument is misleading. The actual language of KRS 29A.280(2) is as follows:

In Circuit Court, at any time before the jury is sworn, *the parties with the approval of the court may stipulate* that the jury shall consist of any number less than twelve (12), except that no jury shall consist of less than six (6) persons.[14]

The parties did not make the required stipulation in this case.

Tolley argues that Sections 7 and 248 of the Kentucky Constitution guarantee his right to a twelve-person jury. We find it unnecessary to make such a determination in this case. KRS 29A.280(1) makes clear the requirement of a twelve-person jury for all trials conducted in circuit court. We hold that when a mentally ill person faces the possibility of involuntary hospitalization in circuit court, KRS 29A.280(1) requires a twelve-person jury at trial.

We vacate the final order of involuntary commitment.

ALL CONCUR.

---

**12.** *See Dean v. Commonwealth*, Ky., 777 S.W.2d 900 (1989), *Ice v. Commonwealth*, Ky., 667 S.W.2d 671 (1984).

**13.** *Schuttemeyer, supra*, n. 7, at 127.

