Donald Ray BROCK, Appellant

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2012–SC–000652–MR.

Supreme Court of Kentucky.

Aug. 29, 2013.

———

Karen Shuff Maurer, Assistant Public Advocate, for Appellant.

Jack Conway, Attorney General of Kentucky, James Hays Lawson, Assistant Attorney General, for Appellee.

Opinion of the Court by Justice KELLER.

Donald Ray Brock (Brock) appeals from a judgment of the Bell Circuit Court entered upon a jury verdict convicting him of burglary in the second degree, burglary in the third degree, and of being a persistent felony offender in the first degree. On appeal, Brock argues that the trial court erred in failing to give an instruction on the lesser included offense of criminal trespass and that the trial court improperly imposed court costs. For the following reasons we affirm.

## I. FACTS.

On February 24, 2012, a Bell County Grand Jury indicted Brock for two counts of burglary in the second degree and of being a persistent felony offender in the first degree. On the day of trial, the parties agreed to amend Count I of the indictment to burglary in the third degree. The burglary charges arose from two separate incidents that occurred on April 26, 2011. We set forth the facts related to each charge separately below.

### A. Second–Degree Burglary.

Darrell York (York), a part-time bus driver, testified to the following. York had known Brock for many years. On April 26, 2011, while driving his bus home at the end of his work day, York saw Brock walking along the railroad tracks close to York's house. York noticed that Brock was carrying a stick. York parked his bus a couple of houses away, and when he arrived at his house a few minutes later, York saw Brock run out the side door of his house. According to York, the side door of his house was locked when he left for work that day. When he returned, the door was opened and the door knob had been "busted off." Inside his bedroom, York found his hammer that had previously been on his front porch. He also found a stick that looked like the stick he saw Brock carrying minutes earlier. Nothing had been taken from inside the house.

### B. Third–Degree Burglary.

Sarah Farmer (Farmer) testified to the following. Farmer lived approximately five minutes away from York with her husband and in-laws. Shortly after York saw Brock leaving his house, Farmer saw Brock at the top of her driveway carrying what looked like a TV. When Farmer yelled at Brock, he took off running. The Farmers realized a safe was missing from their storage building. They eventually found it laying open in a nearby creek. Farmer's father-in-law and mother-in-law testified that a set of speakers that were on top of the safe were missing and that jewelry and old money that were inside the safe were missing as well. These items were never found.

Ethel King, Brock's aunt, and Henry King, Brock's cousin, testified that on April 26, 2011, Brock had been at their home all day.

The jury found Brock guilty of burglary in the second degree, burglary in the third degree and of a being a persistent felony offender. Consistent with the jury's recommendation, Brock was sentenced to

twenty years' imprisonment. This appeal followed.

## II. ANALYSIS.

On appeal, Brock first argues that the trial court erred in not instructing the jury on criminal trespass as a lesser included offense of second-degree burglary. Conceding that he did not request an instruction on criminal trespass, Brock requests palpable error review pursuant to Kentucky Rule of Criminal Procedure (RCr) 10.26.

As set forth in *Bartley v. Commonwealth*, 400 S.W.3d 714, 731 (Ky.2013):

> The general rule, of course, is that "[t]he trial court is required to instruct the jury on lesser included offenses *when requested* and justified by evidence." *Miller v. Commonwealth*, 283 S.W.3d 690, 699 (Ky.2009) (citing *Martin v. Commonwealth*, 571 S.W.2d 613 (Ky. 1978); internal quotation marks omitted and emphasis added). It is not an error, however, palpable or otherwise, for the trial court not to instruct on a lesser included offense that has not been requested. *Commonwealth v. Varney*, 690 S.W.2d 758, 759 (Ky.1985); RCr 9.54(2).[1]

■ Because *Brock* did not request a lesser included offense of criminal trespass, the fact that no instruction was given does not entitle him to relief.

■ Next, Brock argues that the trial court's imposition of court costs was improper because the trial court had already recognized his indigent status pursuant to KRS 31.110, KRS 453.190, and by allowing him to appeal his conviction *in forma pauperis.* In response, the Commonwealth argues that although the trial court imposed court costs in its oral ruling at sentencing, it was not memorialized in the written judgment rendering the issue moot.

■ As a general rule, an oral pronouncement is not a judgment until it is reduced to writing. *Commonwealth v. Hicks*, 869 S.W.2d 35, 37 (Ky.1994) *overruled on other grounds, Keeling v. Commonwealth*, 381 S.W.3d 248 (Ky.2012). Further, "[w]hen there is a conflict between a court's oral statements and the written judgment, the written judgment controls." *Machniak v. Commonwealth*, 351 S.W.3d 648, 652 (Ky.2011). Because the written order did not impose court costs, there was no error.

## III. CONCLUSION.

For the foregoing reasons, we affirm the judgment of the Bell Circuit Court.

All sitting. All concur.

---

1. RCr 9.54(2) provides, "No party may assign as error the giving or the failure to give an instruction unless the party's position has been fairly and adequately presented to the trial judge by an offered instruction or by motion, or unless the party makes objection before the court instructs the jury, stating specifically the matter to which the party objects and the ground or grounds of the objection."