# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.



# Supreme Court of Kentucky

## 2019-SC-000420-MR

BARBARA RAE CUNNINGHAM,　　　　　　　　　　　　APPELLANT
F/K/A BARBARA RAE INMAN

　　　　　　　　ON APPEAL FROM COURT OF APPEALS
V.　　　　　　　　CASE NO. 2019-CA-000599-OA
　　　　　WHITLEY CIRCUIT COURT NO. 15-AD-00011

HON. PAUL A. WINCHESTER, JUDGE,　　　　　　　　APPELLEE
34TH JUDICIAL CIRCUIT, DIVISION II

AND

BRONSON EARL NEACE　　　　　　　　REAL PARTY IN INTEREST

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

Appellant, Barbara Rae Cunningham,[1] seeks a writ of prohibition restraining the Whitley Circuit Court from adjudicating a termination of parental rights (TPR) action filed by Bronson Earl Neace. Cunningham contends that the trial court lost subject matter jurisdiction of the TPR action on January 15, 2019, six months after Kentucky Revised Statute (KRS) 625.050(7) went into effect on July 14, 2018. The Court of Appeals denied the writ. For reasons stated below, we affirm.

---

[1] Formerly known as Barbara Rae Inman.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Neace and Cunningham are the parents of a disabled child.[2] In April 2015, Neace filed an action in Whitley Circuit Court pursuant to KRS 625.050 to terminate Cunningham's parental rights. Three years later, KRS 625.050(7) was enacted and became effective July 14, 2018. The statute states: "Any petition filed pursuant to this section shall be fully adjudicated and a final judgment shall be entered by the court within six (6) months of the service of the petition on the parents." On January 15, 2019, Cunningham moved the circuit court to dismiss the 2015 TPR action because it was still pending more than six (6) months after the effective date of KRS 625.050(7). The trial court denied the dismissal motion and set a final hearing. Cunningham sought a writ of prohibition from the Court of Appeals, which that court denied, and this appeal followed.[3]

## II. ANALYSIS

Being an extraordinary remedy, a writ is cautiously and conservatively granted. *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961). One type of writ, commonly known as a first-class writ and the type of writ at issue here, may be granted when a lower court is acting on matters outside its subject matter jurisdiction. *Goldstein v. Feeley*, 299 S.W.3d 549, 551-52 (Ky. 2009). "The

---

[2] Although a detailed statement of facts is unnecessary in this writ action, it appears undisputed that Neace, the father, has had sole custody of the child since at least 2011 and Cunningham has been denied visitation based on a finding of abuse.

[3] Both parties have requested oral argument but the Court finds it unnecessary in this straightforward writ case.

2

court has subject matter jurisdiction when the 'kind of case' identified in the pleadings is one which the court has been empowered, by statute or constitutional provision, to adjudicate." *Daugherty v. Telek*, 366 S.W.3d 463, 467 (Ky. 2012) (citation omitted). "One seeking a writ when the lower court is acting 'outside of its jurisdiction' need not establish the lack of an adequate alternative remedy or the suffering of great injustice and irreparable injury. Those preconditions apply [when one seeks a second-class writ, which may be granted] when a lower court acts 'erroneously but within its jurisdiction.'" *Goldstein*, 299 S.W.3d at 552.

The lower court's grant or denial of a writ of prohibition is generally reviewed for an abuse of discretion. *S. Fin. Life Ins. Co. v. Combs*, 413 S.W.3d 921, 926 (Ky. 2013) (citation omitted). However, when it is alleged that the lower court is acting outside its jurisdiction, a question of law is generally raised, and we review that question *de novo*. *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 810 (Ky. 2004). In this case requesting a first-class writ, we proceed *de novo*.

Cunningham presents a two-part argument. She contends first that pursuant to the plain "shall" language of KRS 625.050(7), the trial court loses its jurisdiction, requiring dismissal, of every parental rights termination action when the petition is not fully adjudicated and a final judgment is not entered within six (6) months of service of the petition on the parents. Next, she argues that KRS 625.050(7) must be applied retroactively to all cases filed before July 14, 2018, which failed to reach final judgment six (6) months after the July 15,

3

2018 effective date of KRS 625.050(7). We conclude that even assuming KRS 625.050(7) applied retroactively (an issue we need not decide), a writ is not available to Cunningham because the trial court would not lose its subject matter jurisdiction by not acting in accordance with KRS 625.050(7).

In *Daugherty v. Telek*, 366 S.W.3d at 463, this Court addressed an argument similar to Cunningham's. Telek argued that the family court lost subject matter jurisdiction to issue a domestic violence order (DVO) when it failed to follow the procedure in KRS 403.740(4) and by not holding the DVO hearing within fourteen days after the issuance of the original emergency protective order. *Id.* at 465-66. Reversing the Court of Appeals, this Court explained a court acts outside its subject matter jurisdiction when it acts without having been given any power, by constitutional provision or statute, to do anything at all. *Id.* at 467. As long as the court has been empowered to adjudicate the specific types of claims and causes of action identified in the pleadings, the court has subject matter jurisdiction of the case. *Id.* "A court, once vested with subject matter jurisdiction over a case, does not suddenly lose subject matter jurisdiction by misconstruing or erroneously overlooking a statute or rule governing the litigation." *Id.* Instead, that court is acting erroneously within its jurisdiction. *Id.* at 466.

Cunningham cites cases including *Tolley v. Commonwealth*, 65 S.W.3d 531, 533-34 (Ky. App. 2001), and *Revenue Cabinet v. O'Daniel*, 153 S.W.3d 815, 819-29 (Ky. 2005), in support of her argument that when a statute directs a trial court's action by using the word "shall," that mandate must be followed

4

or subject matter jurisdiction is lost. While *Tolley*[4] deals with a challenge to particular case subject matter jurisdiction, none of the other cited cases deal squarely with subject matter jurisdiction as *Daugherty* clearly does. More importantly, Cunningham cites no case which calls into question *Daugherty*'s careful subject matter jurisdiction analysis. In *Daugherty* this Court unanimously held that a court with subject matter jurisdiction does not lose that jurisdiction even if it fails to follow or deviates from a controlling statute.

Without question, parental rights termination proceedings pursuant to KRS 625.050 are within the subject matter jurisdiction of Whitley Circuit Court. Consequently, even if KRS 625.050(7) were applicable to the 2015 TPR case, a matter we need not and do not decide in this writ action, the circuit court would not lose subject matter jurisdiction by failing to comply with its six-month directive. "Once a court has acquired subject matter and personal jurisdiction, challenges to its subsequent rulings and judgment are questions incident to the exercise of jurisdiction rather than to the *existence* of jurisdiction." *Daugherty*, 366 S.W.3d at 467 (citations omitted). The first-class writ Cunningham has requested is not available in this case.

---

[4] As a Court of Appeals' opinion, *Tolley* does not bind this Court. In any event, that case involved an involuntary hospitalization statute which identified when the court "shall, without taking any further action, terminate the proceedings." KRS 202A.061.

5

## III. CONCLUSION

For reasons stated above, the Court of Appeals' denial of the writ is affirmed.

All sitting.  All concur.

COUNSEL FOR APPELLANT:

James Harold Wren, II
JAMES H. WREN, II, PLLC

COUNSEL FOR REAL PARTY IN INTEREST:

John A. Combs
COMBS LAW, PLLC

B. J. Foley