RENDERED:  JANUARY 31, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1034-ME

ASA CASTLE                                                             APPELLANT

                     APPEAL FROM FAYETTE FAMILY COURT
v.                      HONORABLE ROSS EWING, JUDGE
                       ACTION NO. 23-D-01375-002

ELYSE LITTON                                                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, KAREM, AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  Asa Castle appeals from the issuance of a domestic violence order ("DVO") by the Fayette Circuit Court.  We affirm.

Castle and Elyse Litton are the parents of F.C. ("Child"), born in 2018.  Litton filed a domestic violence petition on behalf of herself and Child in 2023.  Litton and Castle were never married, and their relationship had ceased by the time Litton sought the DVO.  The family court appointed a guardian *ad litem* for Child and conducted a bitter, protracted hearing held on three separate dates.

We decline to discuss the vast majority of the evidence presented during the hearing as it is not germane to the narrow issues before us.

During the hearing, Litton testified that Castle threw a bookshelf at her while she was pregnant. She also testified that Castle threw a crib at her while she was holding Child. Litton said Child had viewed Castle punch holes in walls. Litton also described an incident where she and Child met Castle at a farmer's market, but Child did not wish to be with Castle at that time. Litton said Castle aggressively grabbed Child's arm, which frightened Child. Litton said she had feared for the safety of both herself and Child since her pregnancy.

Castle disputed, or attempted to contextualize, much of Litton's testimony. For example, he testified that he grabbed Child's arm at the farmer's market because she was lunging into a crowd. He testified that Litton had pushed the crib into him instead of vice versa and that he had only rattled the bookshelf, not thrown it. Finally, Castle denied having punched walls during his relationship with Litton, though he admitted to having done so previously.

At the conclusion of the hearing, the trial court stated it would issue a DVO on behalf of Litton and Child. The court generally stated it found Litton, not Castle, to be credible. The court stated it did not have to find something bad happened to Child to protect Child. The court frankly admitted it was unsure what

Child had witnessed but expressed its belief that violence in a home impacts children even if the violence is not directed towards them.

The family court issued written findings of fact and conclusions of law and completed AOC (Administrative Office of the Courts) form order 275.3. In the form order, the court checked boxes indicating Litton was the Petitioner on behalf of herself and Child. The court checked boxes indicating it found "[f]or Petitioner, against Respondent in that it was established, by a preponderance of the evidence, that an act(s) of domestic violence and abuse . . . has occurred and may again occur . . . ." The court granted a DVO for Litton and Child against Castle for two years.

The family court also issued separate findings of fact, in which the court stated it was "aware from its judicial knowledge and experience that children may experience effects of domestic violence in the home even if the child is not the target of that violence" even though it was "unclear" what Child had witnessed.

Castle filed a motion to alter, amend, or vacate which argued that the court had not mentioned "a single act of domestic violence towards the child" and had not explained "why it holds the belief that domestic violence is likely to occur

again with regards to the child." The trial court denied the motion. Castle then filed this appeal challenging the DVO only as it pertains to Child.[1]

Before we begin our analysis, we must quickly resolve Litton's request that we strike Castle's brief. We decline to do so. Castle's brief was technically noncompliant under Kentucky Rule of Appellate Procedure ("RAP") 32(A)(4) because his preservation statement was not placed at the very beginning of his argument. However, we deem that to be a *de minimis* irregularity which does not warrant the imposition of sanctions. We also decline to impose sanctions for Castle's citation to an unpublished opinion.

Turning to the merits, the scope of our review is deferential:

> We review the entry of a DVO for whether the trial court's finding of domestic violence was an abuse of discretion. *McKinney v. McKinney*, 257 S.W.3d 130, 133 (Ky. App. 2008). Our review of the trial court's factual findings is limited to whether they were clearly erroneous. Kentucky Rules of Civil Procedure ("CR") 52.01; *Hall v. Smith*, 599 S.W.3d 451, 454 (Ky. App. 2020). A trial court's factual determination is not clearly erroneous if it is supported by substantial evidence, which is evidence of sufficient probative value to induce conviction in the minds of reasonable people . . . .
>
> A trial court is authorized to issue a DVO if it 'finds by a preponderance of the evidence that domestic violence and abuse has occurred and may again

---

[1] "We have considered the parties' extensive arguments and citations to authority but will discuss only the arguments and cited authorities we deem most pertinent, the remainder being without merit, irrelevant, or redundant." *Schell v. Young*, 640 S.W.3d 24, 29 n.1 (Ky. App. 2021).

occur[.]'" *Castle v. Castle*, 567 S.W.3d 908, 915 (Ky. App. 2019) (quoting Kentucky Revised Statutes ("KRS") 403.740(1)). "The preponderance of the evidence standard is satisfied when sufficient evidence establishes the alleged victim was more likely than not to have been a victim of domestic violence." *Caudill v. Caudill*, 318 S.W.3d 112, 114 (Ky. App. 2010) (citing *Baird v. Baird*, 234 S.W.3d 385, 387 (Ky. App. 2007)).

*Johnston v. Johnston*, 639 S.W.3d 428, 431 (Ky. App. 2021).

We perceive the gist of Castle's arguments to be that the family court failed to find that Child was a victim of domestic violence that may again occur, and that the issuance of the DVO is contrary to precedent. We disagree.

The trial court did find that Child had been a victim of domestic violence that may recur. The family court noted on form order AOC 275.3 that Litton was the Petitioner, on behalf of herself and Child. The family court also checked boxes on that form to indicate it found that the Petitioner had been subjected to domestic violence which may occur again. The court did not specifically note that its finding that the "Petitioner" had been subjected to domestic violence which may again occur pertained only to Litton. Accordingly, the family court found that both Litton and Child – who the court had recognized collectively comprised the "Petitioner" – had been victims of domestic violence which may recur.

That finding is amply supported by the evidence. Specifically, Litton testified that Castle: threw a crib at Litton while she was holding Child, grabbed

Child aggressively at a farmer's market, and often punched walls in anger within Child's viewpoint. *See* KRS 403.720(2)(a) (defining domestic violence and abuse in relevant part as "[p]hysical injury . . . or the infliction of fear of imminent physical injury . . . ."). Though Castle disputed Litton's version of events, the family court had the sole ability to believe Litton instead of Castle. *See, e.g.*, *Bissell v. Baumgardner*, 236 S.W.3d 24, 30 (Ky. App. 2007). Because the family court's findings are supported by sufficient evidence, we may not disturb them. *Johnston*, 639 S.W.3d at 432.

We reject Castle's arguments that the trial court's separate written findings undermine or control the definitive conclusions made on AOC form 275.3.[2] Child's tender years meant she could not testify as to what she viewed, or whether she feared Castle would imminently inflict physical injury on her. Thus, in those separate findings, the family court forthrightly stated that it was unsure of exactly what Child had witnessed. The court expressed its belief that children are impacted when reared in a home where domestic violence occurs, even if the violence is not directly aimed at the children.

---

[2] Though Castle also discusses the family court's oral remarks, under Kentucky law "an oral pronouncement is not a judgment until it is reduced to writing." *Brock v. Commonwealth*, 407 S.W.3d 536, 538 (Ky. 2013). Consequently, a written judgment trumps any inconsistent or contrary oral statements made by a trial court. *Id.* Thus, we focus on the written judgment, not oral remarks which the court did not explicitly incorporate into the written judgment.

Of course, a DVO is properly issued on behalf of a person only if that person has been a victim of domestic violence. *Johnston*, 639 S.W.3d at 431. But as we have discussed, Litton testified as to the domestic violence committed by Castle which directly involved Child. Therefore, though we do not disagree as a theoretical matter that children are generally impacted by domestic violence towards a parent, we need not examine whether domestic violence towards an adult in a household entitles a minor in that same household to a DVO.

Our conclusion is reinforced by the fact that the separate findings are not essential. Our Supreme Court has emphasized that "the only essential facts" necessary to issue a protective order "(1) whether an act of domestic violence and abuse . . . has occurred, and (2) whether it may occur again . . . . Any additional factual findings the trial court makes in issuing a protective order are merely supporting those ultimate factual findings and are not 'essential.'" *Smith v. McCoy*, 635 S.W.3d 811, 817 (Ky. 2021) (internal quotation marks and citation omitted). The family court made those two findings in AOC form 275.3. Nothing in the nonessential separate findings unmistakably contradicts those two core findings.

The bottom line is clear, even if some of the precise details are hazy: the court found in AOC form 275.3 that Child had been a victim of domestic

violence which may recur. Those findings are supported by substantial evidence, so we reject Castle's sundry arguments about the separate findings.

Finally, we reject Castle's argument that issuing the DVO here was contrary to precedent. In *Hamilton v. Milbry*, 676 S.W.3d 42, 47 (Ky. App. 2023), we reversed a DVO issued on behalf of a minor because the trial court had not appointed a guardian *ad litem*. We also briefly noted in closing that the petitioner "did not present any evidence or argument regarding the need for protection on behalf of the child." *Id.* Here, the court appointed a guardian *ad litem* for Child and Litton testified about violent acts, her fear and desire for protection for Child.

Our conclusion is also not changed by our unpublished opinion in *Wilson v. Wilson*, No. 2023-CA-1263-ME, 2024 WL 2491699 (Ky. App. May 24, 2024). In *Wilson*, we vacated a DVO issued on behalf of children because the petitioner "did not allege [the Respondent] ever posed any danger to the children. Thus, the family court erred in including the children as other protected persons in the DVO." *Id.* at *5. Here, Litton testified about the danger she believed Castle posed to Child (and herself) and the violent acts in which Child was involved or witnessed.

For the foregoing reasons, the Fayette Family Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:          BRIEF FOR APPELLEE:

Rachel D. Yavelak              Michael Davidson
Lexington, Kentucky            Lexington, Kentucky