# CRITICAL CASES

## CRIMINAL CASES

## Wytheville.

## J. H. MYERS, ALIAS DUTCH MYERS v. COMMONWEALTH.

### June 16, 1927.

1. INDICTMENTS, INFORMATIONS AND PRESENTMENTS—*Indictment Charging Assault and Robbery—Verdict of Assault with Intent to Maim, Disfigure, Etc.—Responsiveness of Verdict to the Issue—Case at Bar.*—In the instant case, the indictment charged a violent assault, robbery from the person by violence and larceny. The jury found the defendant guilty of an assault with intent to maim, disfigure, disable and kill.

    *Held:* That the indictment was insufficient to support the conviction, as assaults with intent to maim, etc., are different crimes from any of those charged in the indictment and are differently punished.

2. INDICTMENTS, INFORMATIONS AND PRESENTMENTS—*Crime not Substantially Charged in the Indictment—Section 4918 of the Code of 1919.*—Under section 4918 of the Code of 1919, one indicted for felony may be convicted of part of an offense charged but the statute does not apply unless the particular crime of which one was convicted was substantially charged in the indictment.

3. MAIMING ACT—*Indictment—Intent—Conviction.*—An indictment under the maiming act must charge the intent to maim, disfigure, disable or kill, because such intent is an essential element of the crime.

4. INDICTMENTS, INFORMATIONS AND PRESENTMENTS — *Misdemeanor — "Feloniously"—Surplusage.*—The use of the word "feloniously" in an indictment charging an assault, a misdemeanor, is either surplusage, or will be construed to mean "with criminal intent."

5. JEOPARDY—*Indictment for Higher Crime—Conviction of Lower Crime Included in the Higher—Case at Bar.*—In the instant case, defendant was found guilty of malicious assault, with intent to maim, disfigure, disable and to kill. The indictment charged a violent assault,

robbery from the person by violence and larceny.  It was argued that under the indictment, if accused was either convicted or acquitted of the robbery from the person by violence, he could not again be prosecuted for the same assault.  While this was true, it was not because accused could have been convicted of a crime not charged (assault with intent to maim, etc.), but because he cannot be put in jeopardy twice for the same offense, which may include several crimes.

6. Jeopardy—*Indictment for Higher Crime—Conviction of Lower Crime Included in the Higher.*—Wherever a statute permits a conviction of any lower offense necessarily included in a higher one with which the defendant is charged, a conviction or acquittal of such higher offense is a bar to a subsequent prosecution for any lower offense necessarily included in it, and, *e converso,* a conviction for any lower offense necessarily included in the higher is a bar to a subsequent prosecution for such higher offense.

7. Indictments, Informations and Presentments—*Crime Not Substantially Charged.*—No court has ever held that one could be convicted of a crime which was not substantially charged.

8. Indictments, Informations and Presentments—*Intent.*—When the definition of a crime includes a specific state of mind, or a specific intent, such intent must be alleged in the indictment.

Error to a judgment of the Hustings Court of the city of Roanoke.

*Reversed.*

The opinion states the case.

*Broun & Price,* for the plaintiff in error.

*John R. Saunders, Attorney General,* and *Leon M. Bazile and Lewis H. Machen, Assistant Attorneys General,* for the Commonwealth.

Prentis, P., delivered the opinion of the court.

The accused has been found guilty of malicious assault, with intent to maim, disfigure, disable and kill, and sentenced to three years confinement in the penitentiary.

He is here assigning as error that the indictment does not charge him with the crime of which he has been convicted, and is, therefore, insufficient to support the conviction.   The trial court took a different view, and instructed the jury that they might so find.   A motion of the accused for a new trial, as well as his motion in arrest of judgment upon the ground that the verdict was not responsive to the issues raised by the indictment and plea of not guilty, were also overruled.

The indictment charges (omitting some of the formal matter) that the accused "on one E. B. Dunford, did feloniously make an assault, and him, the said E. B. Dunford, in bodily fear, did then and there feloniously put; and divers monies of the true and lawful currency of the United States of America (the exact denomination and description thereof being to the grand jurors unknown) amounting to the sum of $55.00, and of the value of $55.00, of the money and property of the said E. B. Dunford, from the person and against the will of the said E. B. Dunford, by beating and wounding the said E. B. Dunford with bottles and sticks, with which the said J. H. Myers, alias Dutch Myers, was then and there armed, did unlawfully, feloniously and violently take, steal and carry away against the peace and dignity of the Commonwealth of Virginia."

[1] Analyzing this indictment, it charges a violent assault, with bottles and sticks, robbery from the person by violence, and larceny.   Unlawful or felonious assaults with intent to maim, disfigure, disable or kill are different crimes from any of those charged and are differently punished.   It seems to us that the mere comparison of the verdict with the indictment is sufficient to demonstrate the illegality of this conviction.   In view, however, of the earnestness with which the Attorney General seeks to maintain it, we will review his contentions.

[2] The singleness of the question is conceded, and it is insisted that under Code, section 4918, the indictment is sufficient to sustain the conviction.

That section reads: "If a person indicted of felony be by the jury acquitted of part and convicted of part of the offense charged, he shall be sentenced for such part as he is so convicted of, if the same be substantially charged in the indictment, whether it be felony or misdemeanor. If the verdict be set aside and a new trial granted the accused, he shall not be tried for any higher offense. than that of which he was convicted on the last trial."

[3] It is observed that under this statute one indicted for felony may be convicted of part of the offense charged, only if the part of which he is convicted "be substantially charged in the indictment." These quoted words are significant and controlling. The statute does not apply unless the particular crime of which one is convicted is substantially charged in the indictment. It could not be otherwise, because under the Bill of Rights the accused "hath a right to demand the cause and nature of his accusation." If every word of this indictment, which charges robbery from the person and larceny, were stricken out, there would remain only an indictment for simple assault and battery. An indictment under the maiming act is for a different offense, and must charge the intent to maim, disfigure, disable or kill, because such intent is an essential element of the crime. The only intent here inferentially charged is the intent to commit robbery by violence.

We discover, then, in Code, section 4918, no support for the contention of the Commonwealth, but the clear refutation thereof. The crime of which the accused has been convicted is not charged either specifically, substantially or by inference in the indictment.

This statute is referred to in the recent case of *Edens* v. *Commonwealth*, 142 Va. 609, 128 S. E. 555, where this is said: "It has long been permissible in this State to convict of a misdemeanor where the indictment is for a felony, if the misdemeanor is a necessary part of the felony and is substantially charged in the indictment. Thus, upon trial under indictment charging murder, the defendant may be convicted of assault and battery; one indicted for robbery may be convicted of assault and battery; and under the maiming statute (section 4402, Code 1919), one charged with felonious and malicious cutting or wounding with intent to maim, etc., may be found guilty of assault and battery. *Hardy and Curry* v. *Commonwealth*, 17 Gratt. (58 Va.) 592; *Canada* v. *Commonwealth*, 22 Gratt. (63 Va.) 899." *Randall* v. *Commonwealth*, 24 Gratt. (65 Va.) 644; *Jones* v. *Commonwealth*, 87 Va. 63, 12 S. E. 226.

[4] That this indictment might have charged an assault with intent to maim, etc., under Code, section 4402, cannot be doubted. That it did not charge such an assault with such an intent is obvious. The use of the word "feloniously" in this indictment in charging the assault, a misdemeanor, is either surplusage, or will be construed to mean "with criminal intent." *Wolverton* v. *Commonwealth*, 75 Va. 909; Bishop's Cr. Pr., section 698; Burks' Notes to Beale's Cr. Pl. & Pr. section 91.

[5] In support of the contention that this conviction can be maintained, it is argued that under such an indictment, if the accused is either convicted or acquitted of the robbery from the person by violence, he could not be again prosecuted for the same assault. This appears to be true, but this is not because he could have been convicted of a crime not charged, but because he cannot be  put in jeopardy twice for the same offense

which may include several crimes. Bishop's New Crim. Law (8th ed.), section 1058, subsection 3; *Fox* v. *State,* 50 Ark. 528, 8 S. W. 836.

[6] This rule is thus stated in *People* v. *McDaniels,* 137 Cal. 192, 69 Pac. 1009, 59 L. R. A. 581, 92 A. S. R. 88: "So it may be concluded that in England, since Lord Denman's act, and in this country wherever a statute permits a conviction of any lower offense necessarily included in a higher one with which the defendant is charged, a conviction or acquittal of such higher offense is a bar to a subsequent prosecution for any lower offense necessarily included in it, and, *e converso,* a conviction for any lower offense necessarily included in the higher, is a bar to a subsequent prosecution for such higher offense, and this conclusion is fully sustained by the prior decisions of this court hereinbefore cited."

In *Wilcox* v. *State,* 6 Lea (Tenn.) 571, 40 Am. Rep. 53, 55, the accused, in January, 1880, was convicted of robbery from the person of one Wengler and sentenced to the penitentiary. At the March term of the same court he was tried for an assault upon the same Wengler, with intent to commit murder in the first degree, and again convicted. No appeal was taken from the first judgment, but the second judgment was appealed, the defense being that a conviction in the first case was a bar to the prosecution of the second. The court said: "Robbery is defined to be 'the felonious taking of property from the person of another by force.' 3 Green. Ev., section 223. Or as defined by our statute, 'robbery is the felonious and forcible taking from the person of another goods or money, by violence or putting the person in fear.' Code, section 4631.

"The prosecutor, upon the trial, testified to a violent and dangerous assault made upon him by the defend-

ant, and he stated also on his cross-examination, that he had testified to the same facts upon his examination in the previous trial of defendants on the charge of robbery. It was for the assault at the time of the robbery that the conviction was had in this case. Force and violence were proved in each case, and were alike essential in both to sustain a conviction. It was one continuous transaction, in which defendants perpetrated a robbery by violence, dangerously wounding the prosecutor. Being one transaction, the prosecutor may carve as large an offense out of it as he can, but it is said 'he must cut only once.' 1 Bish. Cr. L., sections 804, 891.   *   *   *   *

"The assault or violence in the robbery case being an essential element or ingredient of the offense, and constituting an important and material part of that offense, as it does in the offense of assault with intent to commit murder, and having been once punished in the robbery case as a material part thereof, it cannot be again punished, as it would be if the judgment below were allowed to stand."

These sound rules do not support this conviction, or aid in determining the question here presented. They only show that the accused might have been charged, not only with the robbery, larceny and simple assault, but also with assault with intent to maim, etc., all growing out of the same transaction and occurring at the same time; and that if so charged with each of these crimes, or with any of them, and either acquitted or convicted, any further prosecution based upon the same occurrence would be barred, because the accused could not "be put twice in jeopardy for the same offense."

[7] So far as we are advised, no court has ever held that one could be convicted of a crime which was not substantially charged.

[8] This unequivocal statement is made in Beale's Crim. Pl. & Pr., section 136:  "When the definition of a crime includes a specific state of mind, or a specific intent, such intent must be alleged in the indictment," and the cases there cited support the statement.

The judgment will, therefore, be reversed, and the case remanded for a new trial.

*Reversed.*