BRAY, Judge.
A jury convicted Zuhaar J. Ramadan (defendant) for feloniously driving a motor vehicle after having been adjudicated an habitual offender in violation of Code § 46.2-357(B)(2). On appeal, defendant complains (1) the trial court erroneously ruled that the Commonwealth was not collaterally estopped from prosecuting the offense, (2) the indictment did not properly allege the crime, and (3) that the evidence was insufficient to prove that defendant’s driving “endanger[ed] the life, limb, or property of another.” Finding no error, we affirm the conviction.
On April 8, 1997, Richmond Police Officer L. Clinton Jefferson first observed defendant, then an habitual offender, operating a motorcycle at a stoplight on Jefferson Davis (Davis) Highway. As Officer Jefferson followed, defendant proceeded *712 through the intersection to the corner of Royal Avenue and Davis Highway, again stopped, yielded to oncoming traffic, and turned left onto Royal Avenue. Jefferson then “tried to pull [defendant] over,”[1] and defendant “looked back,” “took off,” and “accelerated rapidly down Royal.” Over a distance of several blocks, Jefferson attempted to “catch up to [defendant],” traveling “approximately 75 [m.p.h.]” in a 25 m.p.h. speed zone. During the pursuit, defendant “accelerate[d] past” a group of children crossing the street “in his ... path,” causing “some [to] run[ ] in each direction ... trying to get to the sidewalk.”
The chase continued for “about another block” beyond the children, ending when defendant “lost control” and “slid into a wire fence in front of a residence.” Defendant “fell off” the motorcycle, “jumped over [the] ... fence[,] ... ran to the side of the house[,] through the backyard, ... [and] down the alley.” He was apprehended shortly thereafter and charged with reckless driving, attempting to elude police, and feloniously driving while an habitual offender, the instant offense.
At trial on May 20, 1997 in the general district court, defendant was convicted of attempting to elude police, and the felony was certified to the grand jury. However, the reckless driving charge was dismissed for reasons explained only by check marks at printed squares on the reverse side of the warrant designated, “not guilty,” and “I ORDER the charge dismissed.” The signature of the judge of the general district court appears on the warrant.
Following indictment in the trial court for the subject offense, defendant moved the court to dismiss, arguing that the general district court had previously “found the evidence ... insufficient to support the allegation of reckless driving,” a *713 necessary element to the felonious habitual offender offense, and, therefore, the Commonwealth was collaterally estopped from prosecuting the indictment. However, because the record failed to disclose “the reason the judge dismissed” the reckless driving charge, the court overruled defendant’s motion. Defendant subsequently was convicted for the felonious habitual offender violation, resulting in this appeal.

Collateral Estoppel

Code § 46.2-357(B) provides, in pertinent part, that
any person found to be an habitual offender ..., who is thereafter convicted of driving a motor vehicle ... while the revocation determination is in effect, shall be punished as follows:
1. If such driving does not, of itself, endanger the life, limb, or property of another, such person shall be guilty of a misdemeanor....
2. If such driving of itself endangers the life, limb, or property of another ..., such person shall be guilty of a felony____
Thus, “driving of itself’ which “endangers the life, limb, or property of another” is an indispensable element to a felonious violation of the statute. Code § 46.2 — 357(B)(2). Relying on the doctrine of collateral estoppel, defendant reasons that dismissal of the reckless driving charge by the general district court constituted a valid, final judgment which favorably resolved the endangerment element of Code § 46.2-357(B)(2), thereby precluding further consideration of such conduct in the instant prosecution.[2]
The doctrine of collateral estoppel arises from the Fifth Amendment protection from double jeopardy and instructs that “ ‘when an issue of ultimate fact has once been *714 determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.’” Jones v. Commonwealth, 217 Va. 231, 232, 228 S.E.2d 127, 128 (1976) (quoting Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)); Rogers v. Commonwealth, 5 Va.App. 337, 341, 362 S.E.2d 752, 754 (1987). However, “[t]he doctrine ... does not apply if it appears that the prior judgment could have been grounded ‘upon an issue other than that which the defendant seeks to foreclose from consideration.’ ” Lee v. Commonwealth, 219 Va. 1108, 1111, 254 S.E.2d 126, 127 (1979) (quoting Ashe, 397 U.S. at 444, 90 S.Ct. 1189). “The party seeking the protection of collateral estoppel carries the burden of showing that the verdict in the prior action necessarily decided the precise issue he now seeks to preclude.” Rogers, 5 Va.App. at 341, 362 S.E.2d at 754 (citation omitted).
Since the principle of collateral estoppel was enunciated in Ashe, “numerous attempts to invoke the doctrine have met with little success.” Jones, 217 Va. at 233, 228 S.E.2d at 128. An acquittal, “standing alone, does not permit a conclusion with respect” to a court’s findings or rationale. Copeland v. Commonwealth, 13 Va.App. 450, 453, 412 S.E.2d 468, 470 (1991). General “district courts frequently[, as here,] mark misdemeanor warrants ‘dismissed’ without assigning specific grounds,” acting, “sometimes ... not upon an adjudication of substantive issues, but upon some technical procedural defect or, indeed, upon nothing more than considerations of leniency.” Lee, 219 Va. at 1111, 254 S.E.2d at 128[3]; see e.g., Clodfelter v. Commonwealth, 218 Va. 98, 107-08, 235 S.E.2d 340, 345-46 (1977) (district court may have dismissed misdemeanor believing that offense was “subsumed in ... felony ... certified to the grand jury”). Thus, it is “ ‘usually impos *715 sible to determine with any precision upon what basis the [fact finder] reached a verdict in a criminal case,’” leaving the defense of collateral estoppel available to an accused only in “ ‘a rare situation.’ ” Jones, 217 Va. at 233, 228 S.E.2d at 128-29 (quoting United States v. Tramunti, 500 F.2d 1334, 1346, cert. denied, 419 U.S. 1079, 95 S.Ct. 667, 42 L.Ed.2d 673 (1974)).
Here, the record does not reveal the reason for the dismissal of the reckless driving charge by the general district court. Perhaps, the court, as defendant suggests, found the evidence insufficient or, as likely, considered the misdemeanor subsumed in the felony or simply decided to favor defendant with leniency. However, the precise reason for the acquittal, an indispensable predicate to the defense of collateral estoppel, cannot rely upon conjecture. Thus, the doctrine did not bar relitigation of the endangerment element of the instant felony, and the court properly overruled defendant’s motion to dismiss the indictment.

The Indictment

Defendant next complains that the indictment failed to sufficiently allege a felonious violation of Code § 46.2-357(B)(2). However, it is well established that we will not consider an argument on appeal which was not presented to the trial court, absent good cause shown or to attain the ends of justice. See Rule 5A:18; Snurkowski v. Commonwealth, 2 Va.App. 532, 536, 348 S.E.2d 1, 3 (1986). Defendant failed to challenge the indictment before the trial court and, finding no justification to invoke the ends of justice exception, we decline to address this issue.

Sufficiency of the Evidence

When the sufficiency of the evidence is challenged on appeal, we view the record in the light most favorable to the Commonwealth, granting it all reasonable inferences fairly deducible therefrom, and the decision will not be disturbed unless plainly wrong or without evidence to support it. See *716 Code § 8.01-680; Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).
Code § 46.2-357(B)(2) criminalizes as a felony-driving by an habitual offender which, “of itself[,] endangers the life, limb, or property of another.” Absent such conduct, the offense of driving by an habitual offender violates Code § 46.2-357(B)(1), a misdemeanor. Thus, “[t]he distinction between negligent driving and reckless driving is the critical element in determining punishment under Code § 46.2-357.” Bishop, 20 Va.App. at 210-11, 455 S.E.2d at 767. To convict, the Commonwealth must prove driving by an accused that, standing alone, was “ ‘ “so gross, wanton, and culpable as to show a reckless disregard of human life.” ’ ” Id. at 211, 455 S.E.2d at 767 (citations omitted).
Here, the evidence disclosed that defendant operated a motorcycle at a high rate of speed, in gross violation of posted limits, approached a group of children as they crossed the roadway, prompting several to “run[ ] in each direction ... trying to get to the sidewalk” and, moments thereafter, lost control, crashed into a fence and fled. Such evidence clearly supports a finding that defendant’s driving endangered life, limb, or property of others in violation of Code § 46.2-357(B)(2).
Accordingly, we affirm the conviction.

Affirmed.

. The reasons for the stop were not disclosed to the jury. Defendant’s counsel vouched the record with Jefferson’s testimony from an earlier trial, which had ended in a mistrial, that detailed defendant’s driving from the initial encounter until the collision. Counsel represented to the court, without objection, that such additional evidence was also before the general district court.

. Reckless driving contemplated by Code § 46.2-852, the offense dismissed by the general district court, is defined by "language virtually identical” to the conduct proscribed by Code § 46.2-357(B)(2). Bishop v. Commonwealth, 20 Va.App. 206, 211, 455 S.E.2d 765, 767 (1995).

. In Lee, the Court applied the doctrine to estop a prosecution but, unlike the present record, defendant and the Commonwealth had stipulated that the earlier dismissal by the general district court was based upon insufficient evidence. Lee, 219 Va. at 1111, 254 S.E.2d at 127-28. Thus, the "holding ... [was] strictly confined to the facts as detailed in the stipulation filed in this case." Id.