COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Bumgardner and Frank
Argued at Salem, Virginia


VIRGINIA ANN BRUMFIELD

                                        MEMORANDUM OPINION* BY
v.      Record No. 0794-04-3          CHIEF JUDGE JOHANNA L. FITZPATRICK
                                            DECEMBER 21, 2004

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Charles J. Strauss, Judge

Jesse W. Meadows, III, for appellant.

Denise C. Anderson, Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.


Virginia Ann Brumfield appeals her conviction in a bench trial of misdemeanor petit

larceny under Code § 18.2-96.  She contends the trial court erred in convicting her of petit

larceny, a misdemeanor, when she was indicted for aiding and abetting third offense larceny as a

principal in the second degree, a felony, under Code §§ 18.2-104 and 18.2-18.  We hold that the

trial court did not err and affirm.

I.  BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence established that on December 31, 2002 appellant was working as

a cashier at the Gretna One Stop Mart (the store) in Pittsylvania County.  A videotape recording

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

made by the store's surveillance camera showed that at approximately 12:30 a.m., appellant closed out the registers and put the night's earnings in a safe. Immediately after the store closed, appellant's boyfriend and codefendant, David Daniels (Daniels), entered the store and began to gather merchandise and place it on the counter. Appellant handed Daniels a bag, and he placed the merchandise inside it. Appellant and Daniels left the store without paying for the merchandise.

During a police investigation and later at trial, appellant stated that she paid a coworker, Christy Batchelor (Batchelor), for the items earlier in the night, although she admitted that she had no receipt for any purchase. Batchelor had worked at the store on December 31, 2002, but left approximately three hours before closing. Batchelor stated that employees were permitted to charge items by having another clerk print out a receipt for items charged, which the employee would then sign and place in the register. She also testified that, while Daniels told a friend of Batchelor's that he thought appellant had paid Batchelor for the items taken from the store, appellant never paid her for the items. Bill Foster (Foster), another store employee, testified that there would have been a record of payment for the merchandise had appellant paid for it at another time. There was no record, receipt, charge card slip or cash register tape showing any payment by appellant.

Daniels was charged as a recidivist with felony third offense larceny in violation of Code § 18.2-104. Appellant was indicted as a principal in the second degree to felony petit larceny in violation of Code §§ 18.2-104 and 18.2-18. The two were tried in a joint bench trial. At the conclusion of the Commonwealth's case, appellant moved to strike the evidence. She argued that because Code § 18.2-104 was an enhanced punishment statute designed to punish a recidivist offender "[she] would contend at the most [sic] she can be found aiding and abetting in

a petit larceny. To hold her liable for his status is unseemly." The trial court granted the motion

to strike as to the felony charge of aiding and abetting third offense larceny. He stated:

> It's a petit larceny case. It's enhanced by the statute to third offense, which is a felony. . . . I just don't think it's fair to, put her in a position of a felony just because he's been guilty of prior convictions . . . . *I agree with [appellant's counsel]* and at most I'm going to hold her liable for being an accessory to a petit larceny.

(Emphasis added).

Appellant testified at trial that she had paid Batchelor for the items and that she told

Daniels that the items had been paid for earlier. At the conclusion of all the evidence, appellant

and Daniels moved to strike the evidence. The trial court found that there was a reasonable

doubt regarding Daniels' criminal intent because appellant told him she had paid for the items,

and dismissed the charge against him. The trial court then found appellant guilty of petit larceny

and specifically stated that he did not "believe her testimony that she had paid for the items."

## II. ANALYSIS

Appellant first contends that the trial court erred in finding her guilty of petit larceny, a

misdemeanor, in violation on Code § 18.2-96, when she was indicted as a principal in the second

degree to third offense petit larceny, a felony. She argues that petit larceny is not a

lesser-included offense. We disagree. Initially, we note that the trial court granted appellant's

motion to strike the felony offense and limit her exposure to a misdemeanor offense. While

appellant and the trial court incorrectly characterized the offense as "an accessory to petit

larceny," the effect is the same.[1]

"No litigant, even a defendant in a criminal case, will be permitted to approbate and

reprobate – to invite error, as the defense . . . did here, and then to take advantage of the situation

---

[1] "In misdemeanor cases there are no accessories but all participants in the crime are principals." Spradlin v. Commonwealth, 195 Va. 523, 527, 79 S.E.2d 443, 445 (1954).

created by his own wrong." Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988). "A defendant, having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position." Batts v. Commonwealth, 30 Va. App. 1, 11, 515 S.E.2d 307, 312 (1999) (internal citations and quotations omitted).

Appellant requested the trial court to treat her actions as a misdemeanor, and she is now precluded from raising this as a ground for appeal. Additionally, we note that petit larceny is a lesser-included offense of a violation of Code § 18.2-104. See Hudgins v. Commonwealth, 40 Va. App. 1, 577 S.E.2d 505 (2003). Here the evidence viewed in the light most favorable to the Commonwealth proved that appellant was the person who took the items and failed to pay for them. Thus, she was subject to the misdemeanor finding her counsel requested.[2]

Accordingly, we affirm the judgment of the trial court.

Affirmed.

---

[2] Appellant also argues that she cannot be found guilty of petit larceny because the principal in the first degree to the felony was found not guilty of the offense. Our holding on the first issue renders this argument moot as she was not convicted as a principal in the second degree. See also Jarrell v. Commonwealth, 132 Va. 551, 560-62, 110 S.E. 430, 433-34 (1922) (In fact, a principal in the second degree may be convicted even if the principal in the first degree is acquitted.).